IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ONDOVA LIMITED COMPANY, §
et al., §
 §
 Plaintiffs, §
 § Civil Action No. 3:07-CV-1812-D
VS. §
 §
MANILA INDUSTRIES, INC., §
et al., §
 §
 Defendants. §

MEMORANDUM OPINION
AND ORDER

Plaintiffs' motion to remand presents the question whether the unanimous consent rule precludes removal of this case in which some defendants contractually agreed to litigate in state court. Concluding that this rule prevents removal, the court grants plaintiffs' motion and remands this case to state court.

I

Plaintiffs Ondova Limited Company and Jeffrey Baron (collectively, "Ondova") sue several defendants arising from a complex dispute regarding control of a large portfolio of Internet domain names. The first group of defendants consists of Manila Industries, Inc. ("Manila"), Netsphere, Inc., and Munish Krishan (collectively, "Manila defendants"); the second consists of HCB, L.L.C. ("HCB") and Realty Investment Management, Inc. (collectively, "the Virgin Islands defendants"); and the third consists CK Ventures, Inc. d/b/a Hitfarm.com ("Hitfarm") and Simple Solutions, LLC ("Simple"), who were recently added to the case.

Earlier this year, in a separate case that is still pending, *Ondova Ltd. Co. v. Manila Industries, Inc.*, No. 3:07-CV-0001-D, the court granted Ondova's motion to remand as to Manila defendants, who were bound by a forum selection provision in an agreement between Manila and Ondova. The court denied the motion, however, as to the Virgin Islands and other defendants.[1] *Ondova Ltd. Co. v. Manila Indus., Inc.,* 2007 WL 1828025, at *9 and *12-13. (N.D. Tex. June 26, 2007) (Fitzwater, J.) ("*Ondova I*").[2] Ondova later filed another motion to remand claims against the Virgin Island defendants, which was at that time unopposed. The court granted the motion. *Ondova Ltd.,* No. 3:07-CV-0001-D (N.D. Tex. July 24, 2007) (Fitzwater, J.) (order).

After these rulings, a contract dispute arose between Ondova, on the one hand, and HCB and its agent, Simple, on the other, regarding an agreement that was not previously at issue in the lawsuit. Ondova added Simple, and later Hitfarm, as defendants in the remanded state-court litigation, alleging that due to HCB and Simple's breach of contract, Ondova had acquired rights to money owed by Hitfarm to HCB and Simple under a separate agreement. Hitfarm then removed the case to this court. Ondova moves to remand, contending that the Manila defendants cannot consent to

---

[1] Hitfarm and Simple had not yet been added as defendants.

[2] It appears that *Ondova I* has been selected for inclusion in the Federal Supplement. The court did not, however, designate *Ondova I* for publication or write it to be published.

removal and that defendants cannot satisfy the unanimity rule.³

II

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." This statute, however, "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Thus defendants must demonstrate that federal jurisdiction exists, and courts must resolve any doubts concerning removal in favor of remand. *See, e.g., Cantwell v. Deutsche Bank Secs., Inc.*, 2005 WL 2296049, at *2 (N.D. Tex. Sept. 21, 2005) (Fitzwater, J.) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002)).

It is well established that, "'under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition.'" *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970)). This is known is the "unanimous consent" rule. *Id.* at

---

³Although Ondova asserts other grounds for remand, this one is sufficient for the court's decision.

169. Its rationale is that a "plaintiff should only be required to proceed against multiple defendants in one action." *Branch ex rel. Branch v. Coca-Cola Bottling Co. Consol.*, 83 F.Supp.2d 631, 636 (D.S.C. 2000) (citing *Chi., R.I. & P. Ry. v. Martin*, 178 U.S. 245, 248 (1900) ("A defendant has no right to say that an action shall be several which a plaintiff elects to make joint.") (internal quotation marks omitted)). It ensures that "[n]o defendant may split the case into separate parts by its removal decision." *Id.*

### III

Ondova maintains that the Manila defendants, having waived their right to removal through a forum selection agreement, are unable to consent to removal, and that, under the unanimous consent rule, this precludes Hitfarm from removing the case. Defendants counter that this court rejected the same argument in *Ondova I*. They maintain that, because in *Ondova I* the court did not remand the claims against some defendants, it implicitly ruled that the unanimous consent rule was satisfied.

The court disagrees with defendants' reading of *Ondova I*. In *Ondova I* the effect of the unanimous consent rule was not at issue. The only issues the court considered were "whether *certain* defendants were precluded from removing this case by a forum selection clause and whether the sole nondiverse defendant was improperly joined." *Ondova I,* 2007 WL 1828025, at *1 (emphasis added). The court's review of the remand motion decided in *Ondova*

*I* discloses nothing in the briefing that purports to challenge removal as to the other defendants based on the unanimous consent rule. Although there is language in Ondova's earlier motion that refers to the Manila defendants' contractual inability to "consent" to removal of the claims against them, Ondova did not argue that this would also preclude removal of the actions against other defendants.

Hitfarm contends that, if Ondova did not make this argument, it has waived it for the purposes of its present remand motion. Hitfarm relies on 28 U.S.C. § 1447(c), which provides that "a motion to remand the case on the basis of any defect . . . must be made within 30 days after the filing of the notice of removal." Hitfarm's reliance on § 1447(c) is misplaced. Section 1447(c) requires only that Ondova raise its grounds for remand within 30 days after Hitfarm filed its notice of removal, which Ondova has done. Nothing in § 1447(c) requires that all possible grounds supporting remand be made with respect to one removal (i.e., the one considered in *Ondova I*) at the risk of waiving those grounds in response to a later removal (such as the one at issue here). The cases that Hitfarm cites involve plaintiffs who, having failed to make timely objections to a notice of removal, later sought to make objections to the *same* notice of removal. *See Barnes v. Westinghouse Elec. Corp,* 962 F.2d 513, 514-15 (5th Cir. 1992); *Harris v. Edward Hyman Co.,* 664 F.2d 943, 944-95 (5th Cir. Dec.

1981) (per curiam).

IV

Turning to the merits of Ondova's motion, the court concludes that the unanimous consent rule precludes Hitfarm from removing this case.

A

Defendants advance the mistaken premise that, although the Manila defendants do not oppose remand of the actions against *them,* they can nevertheless consent to removal of the claims against *other defendants.* This misunderstands the unanimity rule. "Consent," within the meaning of this rule, means to *join* the notice of removal—i.e., for the defendants to seek removal for themselves—because the purpose of the rule is to keep all claims in a single court. *See Chi., R.I. & P. Ry.,* 178 U.S. at 248 ("A defendant has no right to say that an action shall be several which a plaintiff elects to make joint." (internal quotation marks omitted)); *Branch ex rel. Branch,* 83 F.Supp.2d at 636 ("[A] plaintiff should only be required to proceed against multiple defendants in one action."); *Kerwood*, 969 F.2d at 167 ("[R]emoval procedure requires that all defendants *join* in the removal petition.") (emphasis added; internal quotation marks omitted); *Auchinleck v. Town of LaGrange*, 167 F.Supp.2d 1066, 1068 (E.D. Wis. 2001) ("When the first defendant . . . has effectively waived his consent to removal . . . any effort to remove by a subsequently

served defendant . . . would be futile, because the first-served defendant would be unable to join that petition and the case therefore would be unremovable."). This definition of "consent" is assumed in court decisions from other circuits on which defendants rely. *See Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) (removing all claims to federal court, including those against defendant whose right to consent was at issue); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531-33, 36 (6th Cir. 1999) (same); *Piacente v. State Univ. of N.Y. at Buffalo*, 362 F.Supp.2d 383, 387, 390 (W.D.N.Y. 2004) (same) (noting that "practical distinction between [the rights to consent and remove] may be minimal").[4]

B

The next question is whether the Manila defendants can join Hitfarm's notice of removal, thus permitting all parties to proceed in federal court (including the Manila defendants), despite their contractual waiver of removal rights. As explained below, they cannot.

The Fifth Circuit has made clear that where one defendant has waived its right to remove, that defendant cannot join the notice

---

[4] A common theme in the fact section of each defendant's brief is the complaint that Ondova's recent claims against Hitfarm are only tangentially related to its original claim against Manila. This argument, if valid, might support severance and a right of removal that arises on some basis not now considered. It does not, however, support removal of the case as it has been presented to the court.

of removal of another defendant. *See, e.g., Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986). This rule "follows logically from . . . the fact that a defendant may waive removal by proceeding in state court . . . and [is consistent with] the axiom that the removal statutes are to be strictly construed against removal." *Id.* at 482 (5th Cir. 1986) (footnotes omitted). The Fifth Circuit has rejected arguments that this rule is unfair to other defendants who, having done nothing to waive their own removal rights, are nevertheless barred from removing a case. *See id.* ("[W]e do not perceive the suggested unfairness to the . . . defendant who is merely not granted an opportunity that might have been available to others. . . . [It] is in no worse position than it would have been in if the co-defendant had opposed removal or were domiciled in the same state as the plaintiff."). In fact, the circuit court has suggested that it would be unfair to allow a defendant, after knowingly waiving its right to proceed in federal court, to avoid the consequences of its decision by joining a subsequent notice of removal. *See id.* This rule forecloses Hitfarm from removing the case.

Defendants emphasize that, within this circuit, the rule has only been applied in the context of time-waivers—that is, where a first-served defendant has waived its right to remove by failing to file within the 30-day period established by 28 U.S.C. § 1446(b). They also argue that the rule should be limited to this application

because it is of questionable validity in light of *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999).

*Murphy Bros.* considered whether the 30-day removal window began when a defendant received a complaint before service. The Court held that a named defendant's time to remove "is triggered by simultaneous service of summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347-48. Defendants maintain that *Murphy Bros.* contains a "fairness" principle that suggests that the Supreme Court, if given the opportunity, would reject the Fifth Circuit's rule forbidding removal where one defendant has waived that right. They contend that, in the time-waiver context, courts in other circuits already allow removal in these circumstances. *See Marano Enters.*, 254 F.3d at 757 (explicitly relying on *Murphy Bros.*); *Brierly*, 184 F.3d at 531-33; *Piacente*, 362 F.Supp.2d at 387, 390.

"The Fifth Circuit's opinions [on this issue] . . . are binding on this court." *Air Starter Components, Inc. v. Molina*, 442 F.Supp.2d 374, 380 (S.D. Tex. 2006). "Some of the criticisms defendants make in this case were recognized and rejected by the Fifth Circuit in . . . adopt[ing] [its current approach]." *Id.*; *see also Brown*, 792 F.2d at 482. "*Murphy Bros*. may support, but does not require," a change in current Fifth Circuit law, and "no

Fifth Circuit case has . . . held [otherwise]." *Id.* at 380-81 (collecting decisions that refused to abandon first-served rule). Accordingly, the principles articulated by the Fifth Circuit in *Brown* still control, and the court perceives no material basis for distinguishing the time waiver at issue there from the contractual waiver at issue here. Under either form of waiver, one defendant whose joinder is necessary for a later removal has relinquished its right to remove the case from state court. Moreover, the rule of *Brown* is not, as defendants suppose, based on any special interest in ensuring compliance with statutory time limits. *See Brown*, 792 F.2d at 482.

A decision of the Eleventh Circuit supports application of the waiver rule to a contractual waiver. In *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040 (11th Cir. 2001), the court held that, because the defendant ("First State") had contractually agreed to be bound by the plaintiff's forum selection, it could not consent to removal of the case from that forum. *Id.* at 1047 ("To permit First State to consent to removal from the forum . . . would defy the express language of First State's contract."). The forum selection provision at issue in *Russell Corp.* stated:

> It is agreed that . . . [First State], at the request of the [plaintiff], will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such

Court.

*Id.* at 1042-43.

Defendants posit that the obligation of the *Russell Corp.* defendant to "comply with all requirements necessary to give such Court jurisdiction" amounted to an additional waiver of its *consent* rights—separate and independent from its waiver of *removal* rights—that distinguishes it from the contract provision at issue in the present case. The court disagrees. The *Russell* court found only that First State had waived its removal rights, and specifically quoted defendants' proffered language in reaching this conclusion. *See id.* at 1046 ("[The plaintiff] may bring suit in any court of competent jurisdiction and First State must 'comply with all requirements necessary to give such court jurisdiction . . . .' The district court found that by executing this clause, First State had 'agreed to go to, and stay in, the forum chosen by [the plaintiff].' . . . After reviewing the record, we find ourselves in agreement with the district court's decision."). The Eleventh Circuit did not discern any separate waiver of "consent" rights. *See id.*

Finding no principled distinction between a time waiver and contract waiver for the purposes of the unanimity rule, the court concludes that the Manila defendants are foreclosed from joining Hitfarm's notice of removal. Because the required joinder of all defendants cannot be satisfied, Ondova's motion to remand must be

granted.

V

Ondova seeks an award of fees and expenses under 28 U.S.C. § 1447(c). The court denies the request.

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). Because the contours of the law of contractual waiver of removal are relatively undeveloped in this circuit in the context of the unanimous consent rule, Hitfarm had an objectively reasonable basis—albeit a mistaken one—to remove this case.

\* \* \*

Ondova's October 31, 2007 emergency motion to remand is granted, and this action is remanded to the 68th Judicial District Court of Dallas County, Texas. The clerk shall effect the remand in accordance with the usual procedure.

**SO ORDERED.**

November 19, 2007.

*[signature]*
SIDNEY A. FITZWATER
CHIEF JUDGE